**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

In re:

ENCOMPASS ENTERPRISES

                                                 Case No. 26-11403

    Debtor in Possession                              Chapter 11
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JANET LAMB and
MILES LAMB

        Movants

v.

ENCOMPASS ENTERPRISES

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED
WITH CLAIM THROUGH MARYLAND HOME IMPROVEMENT COMMISSION**

Janet and Miles Lamb (collectively, "Movants"), by and through undersigned counsel, respectfully move this Court for an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to allow Movants to proceed with a Complaint through the Maryland Home Improvement Commission for reimbursement of monies paid to the Debtor in Possession under a Construction Contract. In support of this Motion, Movants state as follows:

## BACKGROUND

1.      On February 10, 2026, Debtor in Possession Encompass Enterprises ("Encompass") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2.      On or about October 25, 2023, Movants entered into a contract with the Encompass  to build a new home at 12022 Taos Trail, Lusby Maryland 20657 (hereinafter "Contract")  See attached Ex A.

3.      Under the Contract, Movants paid $131,314.76 to commence construction.  The Movants secured a construction loan and an additional $424,874.38 was paid to the Encompass.

4.      Encompass started construction in or about July 2024, but ceased performance under the Contract in September, 2025.

5.      Movants had to hire another construction contractor to complete the necessary services to complete the home.

6.      Encompass's bankruptcy filing triggered the automatic stay under 11 U.S.C. § 362(a), which has stayed any potential State Court Action as to Encompass.

7.      Movants do not seek to proceed against the Encompass at this time, but rather seek relief from the automatic stay to allow them to continue their Complaint with the Maryland  Home Improvement Commission (hereinafter "MHIC") to recoup a portion of their losses.

## II.      MOVANTS HAVE CAUSE FOR RELIEF FROM THE AUTOMATIC STAY

8.      Movants have an established cause for relief from the stay under 11 U.S.C. § 362(d)(1).

9.      The determination of "cause" under § 362(d)(1) is made on a case-by-case basis. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

10.     Courts consider multiple factors in determining whether cause exists, including:

(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.
*In re Robbins*, 964 F.2d 342, 345

11.     Here, granting relief from the stay to allow Movants to proceed with the MHIC Complaint will not prejudice the Encompass's estate, as Movants do not seek to execute on any judgment against the Encompass or property of its estate.

12.     Movants are willing to forego any collection efforts against the Encompass or its property during the pendency of the bankruptcy case and will abide by any orders of this Court protecting the Debtor in Possession's estate.  If Movants wish to proceed with an

Adversary Proceeding to determine dischargeability of this debt, Movants will follow all requirements of the Bankruptcy Code and Rules.

## RELIEF REQUESTED

**WHEREFORE**, Movants Janet and Miles Lamb respectfully request that this Court:

A.       Grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to allow Movants to proceed with the Maryland Home Improvement Commission Action;

B.       Order that any relief granted shall be conditioned upon Movants' agreement not to execute on any judgment against the Debtor in Possession or its estate without further order of this Court; and

C.       Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/Jeffrey Scholnick
Jeffrey R. Scholnick, Esquire
Bankruptcy Registration No. 25017
The Law Office of Jeffrey R. Scholnick, P.A.
9515 Deereco Rd, Suite 407
Timonium, Maryland 21093
Telephone: (410) 494-9944
Facsimile: (443) 275-0085
Email: jscholnick@scholnicklaw.com
Attorney for Movants Janet & Miles Lamb

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __31st__ day of _July_, 2026, a copy of the foregoing Motion was mailed  first class , postage pre-paid and/or electronically via the Court's CM/ECF system to all parties of interest including:

Steven R. Fox, Esq, *pro hac vice*
The Fox Law Corporation, Inc.
15455 San Fernando Mission Blvd., Suite 400 Mission Hills, CA
91345srfox@foxlaw.com
*Counsel to Debtor*

Christopher L. Rogan, Esq. (MD Bar 08365) RoganMillerZimmerman, PLLC
50 Catoctin Circle, NE, Ste 300
Leesburg, Virgina 20176
crogan@rmzlawfirm.com
*Local Counsel to Debtor*

Encompass Enterprises, LLC
P.O. Box 357, Lusby MD 20657,
Debtor;

Courtney L. Morgan
courtney.l.morgan@usdoj.gov,
attorney for U.S. Trustee

/s/Jeffrey Scholnick
Jeffrey R. Scholnick, Esquire