**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ENCOMPASS ENTERPRISES, LLC | ) | Case No. 26-11403 MCR |
| | ) | Chapter 11 |
| Debtor. | ) | |
| ______________________________ | ) | |
| | ) | |
| TRUIST BANK | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| ENCOPASS ENTERPRISES, LLC | ) | |
| | ) | |
| ______________________________ | ) | |

**DEBTOR'S RESPONSE AND OPPOSITION TO**
**MOTION FOR RELIEF FROM STAY**

**COMES NOW** Encompass Enterprises LLC (the "Debtor") and files this Response to the Motion for Relief from Stay (the "Motion") [Doc. No. 102], filed by Janet and Miles Lamb (the "Movants"), and state as follows:

**I. Responses to Factual Allegations in Paragraphs 1 to 7 of the Motion**

1. In response to paragraph 1 of the Motion, the Debtor admits the allegations contained in paragraph no. 1.

2. In response to paragraph 2 of the Motion, the Debtor admits the allegations contained in paragraph no. 2.

3. In response to paragraph 3 of the Motion, the Debtor admits that it was paid monies under the construction contract. The Debtor is presently not aware of the

precise sum Movants paid to it and it is also unaware whether Movants secured a construction loan and, on this basis, denies these allegations.

4. In response to paragraph 4 of the Motion, the Debtor admits the allegations. The Debtor affirmatively states that Movants removed the Debtor from the job because the Debtor was not working as fast as the Movants wanted. The Movants do not reference payment disputes that occurred.

5. In response to paragraph 5 of the Motion, the Debtor lacks information to admit or to deny the allegations regarding a subsequent contractor and, on that basis, denies said allegations. The Movants do not allege actual damages.

6. In response to paragraph 6 of the Motion, the paragraph states a legal conclusion as to which no response is required. The Debtor agrees that the automatic stay was triggered by its bankruptcy filing.

7. In response to paragraph 7 of the Motion, the Debtor opposes the relief sought in paragraph 7, for the reasons stated below.

8. Additional fact not stated in the Motion. The construction project for the Movants was a new home and was not a renovation.

## II. Legal Argument

The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." See Midlantic Nat. Bank v. New Jersey Dep't of Env't Prot., 474 U.S. 494, 503 (1986). "The purpose of the automatic stay is three-fold: 'to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.'" *In re Advanced Med.*

*Spa Inc.,* 2016 WL 3003203, at *3 (B.A.P. 9th Cir. 2016). "The automatic stay is intended to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re Curtis*, 40 B.R. 795, 798 (Bankr. D. Utah 1984) (internal citations omitted)."

**A. 4th Circuit Standard for Relief From Stay**.

The standard for the Court to consider the Movants' Motion is set out in In re Robbins, 964 F.2d 342 (1992). There, the Fourth Circuit stated:

> The court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied. See In re Peterson, 116 B.R. 247, 249 (D.Colo.1990) (discussing balancing test). The factors that courts consider in deciding whether to lift the automatic stay include (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.
> Id. at 345

The Robbins test has three parts.

1. Whether the issues in the pending litigation involve only state law making the bankruptcy court's expertise unnecessary. Whatever the issues may be, they probably do not include bankruptcy law. The Movants do not explain the basis for their claims. Are they owed money? Do they dispute the quality of work? Do they want money because of issues with the replacement contractor? As a result of a lack of information, this factor does not weigh in Movants' favor.

2. Promoting judicial economy; whether there would be greater interference with the bankruptcy if the stay is not lifted as matters would have to be litigated in the bankruptcy court. Whether judicial economy is served by lifting the stay is hard

to determine here. Movants have not specified the factual basis for the claim they vaguely allege in the Motion. Again, with a lack of information from Movants, the factor does not weigh in their favor.

3. Whether the estate can be protected by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. Enforcement could only be through plan distributions so this factor would favor the Movants.

**B. Based on the Weighing of Additional Factors, the Weight Leans Against Terminating the Stay at This Time.**

Although not necessarily a test in the 4th Circuit, the bankruptcy court in Curtis 40 B.R. 795, 798 (Bankr. D. Utah 1984), set forth a non-exclusive 12-factor test established to determine whether relief from stay is appropriate, to permit pending litigation to continue in another forum. Id. at 799-80. Some of these factors overlap with the Robbins' factors.

The Curtis factors are as follows:

1. Whether the relief will result in a partial or complete resolution of the issues. On its website, the Maryland Home Improvement Commission ("MHIC"). states it will pay up to $30,000 per complaint. The Motion does not specify any amount of damages. The Motion does not specify if the replacement contractor charged more than the Debtor and, if so, by how much. The Motion does not address if the Debtor has setoffs to assert. Movants have not provided information that would allow this factor to be assessed so it weighs against the Debtor. Specifically, there is no way to determine, from the Motion, whether relief from stay and Movant's anticipated subsequent action, will result in a complete or even partial resolution of the issues and any claim they may assert against the Debtor.

2. The lack of any connection with or interference with the bankruptcy case. The Debtor and its principal are currently working on the Debtor's plan of reorganization and then will be

focused on getting the plan confirmed, while continuing to turnaround the business. This is not a liquidating case but a reorganization. When the case began, the business was failing. It has come back from that precipice and requires close attention. Mr. Benton works full-time in the field, handles administrative matters, negotiates and bids contracts and handles or oversees all administrative functions. While the basis of Movant's alleged claim against the Debtor not articulated in the Motion, it is clear that whatever the claim, it arose pre-petition and, as such, is appropriately dealt with by this Court and in this bankruptcy proceeding. Mr. Benton does not have the time to prepare for and defend a claim before the MHIC. The Debtor lacks the funds to hire additional state court counsel to respond to that matter in that forum. To lift the stay now would require the Debtor to alter its focus from reorganization. This factor favors the Debtor.

3. Whether the foreign proceeding involves the debtor as a fiduciary. It does not. This factor is neutral.

4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases. At the first level, the answer appears to be yes. The MHIC has expertise to address issues properly before it. However, from the Motion, it is unclear whether these are claims against the Debtor based on a construction issue(s)/defect(s), or something else, such as a contract dispute or attempt to secure a refund. The MHIC can address construction issues. From the Motion, it is not possible to determine whether or not the MHIC is the proper forum for this dispute so this factor does not weigh in the Movants' favor.

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation. Here, the carrier is, in effect, the MHIC. As its website notes, its maximum payout for one claim is $30,000. The Motion does not specify the amount of

Movant's alleged damages so whether the MHIC could pay out the claim in full is unknown. As a result of a lack of information from the Movants, this factor does not weigh in their favor.

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question. This is not the case, and as such the factor does not support the relief sought.

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties. If the Motion is granted, then the Debor and its principal would divert attention from the reorganization and confirming a plan. As discussed above, this would prejudice all creditors and the estate.

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c). This factor is not relevant here.

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f) This factor is not relevant here.

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties. The amount of money at stake, up to $30,000 according to the MHIC, is not large. The Movants do not provide any detail as to the nature of their claim, whether for defects or for construction work stopping. As a result, it is hard to evaluate this factor. It is difficult to economically litigate a claim that at the MHIC will top out at $30,000. This factor does not favor the Movants.

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial. The lawsuit or administrative claim has not been initiated. This factor favors the Debtor.

12. The impact of the stay on the parties and the "balance of hurt." The automatic stay has provided the Debtor with a breathing space to begin the reorganization of its business and more recently to begin working on plan projections and structure. Requiring the Debtor and its principal to focus on a new claim would turn them away from the more important tasks at hand. This would prejudice all creditors and the estate. The "hurt" to the Movants, on the other hand, is minor. They removed the Debtor from a home construction project in September, 2025. Prepetition, the Movants did not seek any judicial or administrative relief but instead sat on their rights. Now, with the chapter 11 case filed, they want to see if they can get money from a third-party source. Whatever their alleged damages may be, it is difficult to evaluate this factor because the Movants don't identify a hurt or state the amount of their alleged damages.

**C. Cause is Not Established.**

Movants contend they have established cause for relief from stay it pursue relief with the MHIC. The only alleged facts are that they entered into a contract with the Debtor, they allege that the Debtor ceased performance, that Movants had to hire another contractor to complete the project and that they wish to make a claim against the Fund the MHIC maintains.

Movants do not state why the Debtor ceased performance or that Movants suffered any damages. The MHIC maintains what it calls a Guaranty Fund ("Fund"). Licensed contractors support the Fund by paying an assessment to the Fund at two points in time; (1) when licensed contractors obtain home improvement licenses; and (2) when licensed contractors renew their license. This is an actual cost the Debtor incurs when it renews its license. Parties alleging injuries can make claims against the Fund.

**D. Movants Equivocate Within the Motion as to Whether They Will Give Up Claims Against the Debtor. Any Relief Granted to Movants Must be Narrowly Defined.**

At paragraph 7, the Movants state that they do not intend to act against the Debtor at this time but want to recoup a portion of their alleged losses. At paragraph 12, Movants state they are willing to forego collection efforts during the bankruptcy case.

Movants' language is general. Are Movants agreeing to give up plan distributions? Are Movants agreeing that in exchange for relief now, their sole recourse for compensation would be solely from MHIC's Fund? Movants are equivocal.

If the Court is inclined at present or later to grant relief from the stay, the order should specify that relief is granted for the narrow and limited purpose of allowing Movants to seek monies from MHIC's Fund and to take no other action. In addition, the Court should require the Movants to elect their remedy and to apply to the Fund but to agree to file no claim in this chapter 11 case and to waive any claim they may have against the Debtor.

## III. Conclusion

The Motion suffers from an information deficit that prevents the Debtor from mounting a fuller defense. It is hard to deny allegations when almost none are made in the Motion.

Unless and until more information is provided by the Movants, this question is not yet ripe. For now, the Motion should simply be denied.

DATE: August 14, 2026

.

Respectfully submitted,

/s/ Steven R. Fox
Steven R. Fox, Esq. (pro hac vice)
The Fox Law Corporation, Inc
15455 San Fernando Mission Blvd., Ste 400
Mission Hills, CA 91345
srfox@roxlaw.com
*Counsel for Debtor*

/s/ Christopher L. Rogan
Christopher L. Rogan, Esq. (MD 08365)
RoganMillerZimmerman, PLLC
50 Catoctin Circle, NE, Ste 300
Leesburg, CA 20176
PH: 703-777-8850
crogan@rmzlawfirm.com
*Local Counsel to Debtor/*

**CERTIFICATE OF SERVICE**

I hereby certify that service of a true copy of the foregoing has been made as follows:

Type of Service: First Class Mail and ECF

Date of Service: August 14, 2026

Persons served: Movant's counsel by U.S. Mail and the U.S. Trustee by ECF

Office of U.S. Trustee

Jeffrey R. Scholnick, Esq.
The Law Office of Jeffrey R. Scholnick, P.A.
9515 Deereco Rd, Suite 407
Timonium, Maryland 21093

Item Served: Debtor's Response and Opposition to Motion for Relief From Stay

/s/ Steven Fox
Steven Fox