IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | ) | |
| ENCOMPASS ENTERPRISES, LLC | ) | Case No. 26-11403 MCR |
| | ) | Chapter 11 |
| Debtor. | ) | |

| | |
|---|---|
| JANET LAMB and MILES LAMB, | ) |
| | ) |
| Movants, | ) |
| | ) |
| v. | ) |
| | ) |
| ENCOMPASS ENTERPRISES, LLC, | ) |
| | ) |
| Debtor. | ) |

**MOVANTS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH CLAIM THROUGH THE MARYLAND HOME IMPROVEMENT COMMISSION**

Janet and Miles Lamb ("Movants"), by and through undersigned counsel, respectfully submit this Reply in support of their Motion for Relief from the Automatic Stay to Proceed with Claim Through the Maryland Home Improvement Commission [Doc. No. 102] (the "Motion"), and in response to the Debtor's Response and Opposition to Motion for Relief from Stay [Doc. No. 110] (the "Opposition"), and state as follows:

## I. INTRODUCTION

The Debtor does not dispute the operative facts. The Debtor and the Movants entered into a contract on October 25, 2023 in the amount of $698,938.50 to build their "dream" home located at 12022 Taos Trail, Lusby, Maryland 20657. (See attached Exhibit A.) The Debtor requested 15% down at the time the contract was signed. Therefore, the Movants paid almost $105,000.00

before any work was started. The Movants then obtained a construction loan in the amount of $725,000 from Shore United Bank. The Debtor accessed $424,874.38 from Shore United, accepting about $530,000.00 from Movants in direct payment and loan funds. Construction began in July, 2024. The Debtor then ceased work on the house in or about September, 2025, after its home improvement license was suspended.

The Movants were forced to retain a second contractor to finish the work the Debtor left unfinished. Although, some of the construction was performed by the Debtor, in essence, the Movants were left with a "shell" of a house. The Movants have been required to pay the second contractor another $640,000.00 to complete the house. The second contractor hopes to have the house finished by Thanksgiving, 2026.

The Debtor asks this Court to keep the stay in place because Movants have not, in a motion seeking only stay relief, fully briefed the merits of a claim they have not yet filed. That is not the standard for "cause" under 11 U.S.C. § 362(d)(1), and it is not Movants' burden to carry. Movants seek nothing from the Debtor's estate — only leave to present a claim against the MHIC Guaranty Fund, which is funded by assessments paid by licensed contractors, not by estate assets. Properly weighed, the facts favor relief, and the Opposition's real objection — that Movants have not yet proven a claim they have not yet filed — is not a basis to deny Movants access to the forum created to hear it.

## **<u>II. ARGUMENT</u>**

### *A. The Opposition Conflates the Merits of the Underlying MHIC Claim With the "Cause" Standard for Stay Relief, and Misallocates the Burden of Proof.*

Throughout the Opposition, the Debtor faults the Motion for not specifying the precise legal theory, dollar amount, or evidentiary basis of Movants' anticipated MHIC claim. See Opp. at 3–6. But a motion for relief from the automatic stay is not the vehicle for litigating the merits of the underlying claim, and *Robbins* does not require a movant to prove its case at the stay-relief stage, *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). The question is only whether cause exists to allow the claim to be liquidated in the forum equipped to hear it — not whether that claim will succeed.

The Debtor also misallocates the burden of proof. Under 11 U.S.C. § 362(g), the moving party bears the burden only on the issue of the debtor's equity in property; the burden on all other issues, including whether cause exists to continue the stay, rests with the party opposing relief — here, the Debtor. Movants have met their threshold showing: a construction contract, payments totaling $530,000.00, cessation of performance in September 2025, a specific and available administrative forum, and an express commitment not to pursue estate assets. See Motion ¶¶ 2–4, 7, 12. It is the Debtor's burden, not Movants', to show why the stay should nonetheless remain in place — and the Opposition offers no competing evidence, only the argument that Movants said too little.

*B. The Robbins Factors Favor Relief.*

1. The dispute is exclusively a matter of Maryland home-improvement law and MHIC administrative procedure, so the bankruptcy court's expertise is not necessary. The Opposition does not dispute that a claim against the MHIC Guaranty Fund is decided under Maryland law by an administrative tribunal with no bankruptcy dimension. Its only response is that Movants have not specified their legal theory. That does not change the character of the forum: whatever the

precise theory — incomplete performance, breach of contract, or a licensing violation — any MHIC claim will be adjudicated under the Maryland Home Improvement Law and MHIC regulations, not bankruptcy law. This factor favors relief.

2. Judicial economy favors relief, and interference with the bankruptcy case is minimal, because Movants' claim belongs in the administrative forum created for exactly this purpose. Keeping this dispute confined to the bankruptcy case does not promote economy — it would require this Court to either adjudicate a home-improvement dispute outside its ordinary docket or leave Movants without any forum in which to present their claim while the case remains pending. Litigating before the MHIC, the specialized tribunal Maryland created for disputes of this kind, is the more economical path for every party, including the Debtor.

3. The Debtor concedes this factor favors Movants. The Opposition agrees that enforcement of any claim against the Debtor could occur only through plan distributions, and that this factor "would favor the Movants." Opp. at 4. Movants' commitment to forgo direct collection against the Debtor or estate property, and to proceed solely against the MHIC Fund — a source of recovery independent of the estate — directly satisfies the concern this factor addresses.

*C. The Curtis Factors do not apply in a Fourth Circuit case.*

Debtor devoted almost one-half of its Response applying the twelve factor test of the Utah Bankruptcy Court from *In Re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984) to the instant case. See Opp. at 4-7. The Debtor admits that *Curtis* is "not necessarily a test in the 4th Circuit" and then proceeds to apply *Curtis* any way, *id*.

In fact, after *Robbins*, the Fourth Circuit Court of Appeals had two opportunities to recognize the *Curtis* test and affirmed using the *Robbins* factors only. In *Herligy v. DBMP, LLC*,

167 F.4th 142 (4th Cir. 2016) and *Lee v. Anasti (In re Lee),* 461 Fed. Appx. 227 (4th Cir. 2012), the Fourth Circuit applied *Robbins* and not *Curtis*. In fact, *Robbins*, *Lee* and *Herligy* were all decided after *Curtis* and *never mention Curtis* even once!

The Opposition also understates the hardship to Movants. It characterizes their "hurt" as "minor," asserting that Movants "removed the Debtor from the job" and simply "sat on their rights" before the petition date. Opp. at 7 ¶ 12. That characterization does not account for the fact that Movants paid $530,000.00 toward construction of their home, that the Debtor ceased performance in September 2025, and that Movants had to retain a second contractor to finish the work — after which the Debtor's bankruptcy filing truncated Movants' ability to pursue any recovery outside the claims process. The $30,000.00 statutory cap on MHIC Fund recovery does not make Movants whole, but it is a real, available, and estate-neutral remedy that the Opposition's position would foreclose entirely while providing no corresponding benefit to the estate's reorganization.

*D. Movants' Proposed Order Fully Addresses the Debtor's Remaining Concerns.*

The Opposition asks the Court to go further than protecting the estate: it asks the Court to "require the Movants to elect their remedy and to apply to the Fund but to agree to file no claim in this chapter 11 case and to waive any claim they may have against the Debtor." Opp. at 8. That is not what the Motion proposed; it asks only that Movants be permitted to pursue a claim against the MHIC Guaranty Fund, conditioned on Movants' agreement not to execute on any judgment against the Debtor or the estate without further order of this Court. See Motion ¶ 12 & Relief Requested ¶ B. That commitment already gives the estate everything the Opposition says it needs: no diversion of estate assets, and no interference with the Debtor's reorganization, because recovery from the Fund does not touch estate property.

Requiring Movants to elect the Fund as their sole and exclusive remedy, and to waive the balance of their claim in this bankruptcy case, is a separate and considerably larger ask than anything the *Robbins* factors call for. The MHIC Fund caps recovery of $30,000.00 — a fraction of the $530,000.00 Movants paid toward construction of their home. Movants are willing to forgo collection outside the bankruptcy process and to abide by this Court's orders protecting the estate, but nothing about permitting them to pursue their MHIC claim requires them to surrender their right to proceed with their claim for their remaining loss and participate, like any other unsecured creditor, in the Chapter 11 claims process. Should Movants elect to pursue the question of dischargeability of this debt through an adversary proceeding, they will do so in compliance with the Bankruptcy Code and Rules. See Motion ¶ 12.

Movants therefore consent to an order that: (i) grants relief from the automatic stay for the limited purpose of permitting Movants to pursue a claim against the MHIC Guaranty Fund; and (ii) prohibits Movants from executing on any judgment against the Debtor or property of the estate without further order of this Court. Movants do not consent to an order requiring an election of remedies or a waiver of their right to file and pursue a proof of claim in this bankruptcy case for amounts not recovered from the Fund.

## **III. CONCLUSION**

For the foregoing reasons, and those stated in the Motion, Movants Janet and Miles Lamb respectfully request that this Court grant the Motion for Relief from the Automatic Stay, enter an order in the form described above, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey Scholnick
Jeffrey R. Scholnick, Esquire
Bankruptcy Registration No. 25017
The Law Office of Jeffrey R. Scholnick, P.A.
9515 Deereco Rd, Suite 407
Timonium, Maryland 21093
Telephone: (410) 494-9944
Facsimile: (443) 275-0085
Email: jscholnick@scholnicklaw.com

Attorney for Movants Janet & Miles Lamb

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of September 2026, a copy of the foregoing Reply was served electronically via the Court's CM/ECF system and/or first-class mail, postage prepaid, upon all parties of interest, including:

Steven R. Fox, Esq., pro hac vice
The Fox Law Corporation, Inc.
15455 San Fernando Mission Blvd., Suite 400
Mission Hills, CA 91345
srfox@foxlaw.com
Counsel to Debtor

Christopher L. Rogan, Esq. (MD Bar 08365)
RoganMillerZimmerman, PLLC
50 Catoctin Circle, NE, Ste 300
Leesburg, Virginia 20176
crogan@rmzlawfirm.com
Local Counsel to Debtor

Courtney L. Morgan, Esq.
courtney.l.morgan@usdoj.gov
Attorney for U.S. Trustee

/s/ Jeffrey Scholnick
Jeffrey R. Scholnick, Esquire