**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **ENCOMPASS ENTERPRISES LLC** | ) | **Case No. 26 - 11403** |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |

**ORDER AUTHORIZING CONTINUED USE OF CASH**
**COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

THIS MATTER came before the Court for a continued hearing on October 29, at 1:00 p.m., pursuant to the Debtor's THIRD MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION (the "Motion"), and the Court having considered the relief requested in the Motion, and statements of counsel and all interested parties present before the Court, and there being due and sufficient notice of the hearing on the Motion, it is found:

1. On February 10, 2026 (the "Petition Date"), Encompass Enterprises LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage its business as a debtor-in-possession.
2. Notice of the Motion on this hearing was adequate.
3. The Debtor asserts that, as of the Petition Date, the Internal Revenue Service held what appears to be a valid, first priority secured claim on the Debtor's cash collateral, including cash and accounts receivable, by virtue of multiple liens filed with the Circuit Court for Calvert County, Maryland.
4. Other creditors assert what appear to be junior interests in the Debtor's cash collateral. Those creditors are identified in the Motion. The Court makes no findings as to the extent, validity or priority of any liens on the Debtor's cash collateral at this time.
5. It is essential to the Debtor's business and operations, and to preserve on of the value of its assets, that the Debtor obtain an order authorizing it to use cash receipts to pay business expenses necessary to avoid irreparable harm. Without the use of cash collateral, the Debtor will suffer irreparable harm and the value of its assets will greatly diminish or be destroyed.
6. It is in the best interests of the estate, the IRS, all creditors, and other parties-in-interest that the Debtor be authorized to use cash collateral on the terms and conditions set forth herein.
7. The terms of the use of cash collateral are fair and reasonable and provide sufficient adequate protection to the IRS through the proposed period.
8. The Debtor has demonstrated there is a reasonable likelihood that it will prevail on the merits at the final hearing on the Motion. 11 U.S.C. Section 363(c)(3).

Good cause appearing, the Court orders as follows:

It is ORDERED that the Debtor's Motion is hereby GRANTED on an interim basis.

The Debtor is authorized to use cash collateral, on an interim basis from October 30, 2026 through June 25, 2027, in accordance with the terms of the Motion and the budget attached thereto.

The provisions for variances, carryforwards and application of excess gross revenues contained in the Motion are approved. If the Debtor seeks to vary from the budget beyond the percentages proposed in the Motion and provides to the Internal Revenue Service ("IRS") the variance request as proposed in the Motion, then (1) the IRS shall have three business days to consider whether to approve the variance and (2) the Debtor shall concurrently provide to the U.S. Trustee and any committee appointed by the Court a copy of the variance request that the Debtor provides to the IRS.

As for adequate protection, the IRS is granted a replacement lien which shall attach to the same post-petition property of the estate as its tax lien attached to prepetition property of the Debtor, and with the same validity, priority and description as that prepetition lien.

Specialty Capital shall receive a replacement lien under 11 U.S.C. § 361(2) in the Debtor's post-petition cash collateral and proceeds thereof, to the extent that such party holds such an interest (excluding the Debtor's rights under Sections 544, 545, 546, 547, 548, 549 and 550 of title 11, to the same extent and priority as its purported interest of whatever nature in the Debtor's pre-petition cash collateral and the proceeds thereof.

Nothing contained herein shall be deemed or construed to (a) limit the parties to the relief granted herein; (b) bar the parties from seeking other and further relief (including without limitation relief from the terms of this Order) for cause; or (c) prevent the Debtor or any other creditor or party-in-interest from challenging the lien of any secured creditor and/or the priority of any such lien. The Order may be modified for cause shown by any party-in-interest on due notice.

The replacement liens granted herein shall become and are duly perfected without the necessity for the execution, filing or recording of financing statements, security agreements and other documents which might otherwise be required pursuant to applicable non-bankruptcy law for the creation or perfection of such liens.

A further hearing on the use of cash collateral will be held on _______ __, 2027 at _:_0 _.m. Eastern Standard Time. The Debtor shall file supplemental papers, including a budget and proposed order, on or before ________ __, 2027. The hearing will be held by videoconference. If an objection to the Motion is filed then the hearing may be held in-person at the U.S. Bankruptcy Court, 6500 Cherrywood Lane Suite 300, Greenbelt, MD 20770. Oppositions, if any, must be filed with the Court and served on the Debtor, the Internal Revenue Service, Specialty Capital and the U.S. Trustee not later than 14 days prior to the hearing date.

The Debtor shall serve a copy of this Order and Notice by first class mail or ECF within three (3) business day from the date hereof, on (1) the United States Trustee; (2) all known secured creditors; and (3) Debtor's twenty (20) largest unsecured creditors. The Debtor shall file with the Clerk a Certificate of Service of said service.

END OF ORDER

CC Debtor Encompass Enterprises LLC
PO Box 357
Lusby, MD 20657
Steven R. Fox, Debtor's counsel via ECF
Christopher L. Rogan, Debtor's local counsel, via ECF
Courtney Morgan, Esq., Office of US Trustee, via ECF