IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re:<br><br>Encompass Enterprises LLC.<br><br>Debtor. | Case No. 26—11403 MCR<br><br>Chapter 11 |

# DEBTOR'S INITIAL PLAN OF REORGANIZATION

## DATED OCTOBER 5, 2026

# TABLE OF CONTENTS

ARTICLE I. Introduction 4

ARTICLE II. Treatment of Claims and Equity Interests 4

A. The Purpose of the Plan of Reorganization 4

B. Unclassified Claims 4

C. Priority Tax Claims 5

D. Treatment of Secured Creditors 5

E. Classes of Priority Unsecured Claims 6

F. Class of General Unsecured Claims 7

G. Class of Insider General Unsecured Claims 8

H. Class of Equity Interest Holders 8

ARTICLE III. Managing and Disbursing Agent 8

A. Post-Confirmation Management 8

B. Disbursing Agent 8

ARTICLE IV. Cash Necessary on Effective Date 9

ARTICLE V. Tax Consequences of Plan 9

ARTICLE VI. Allowed Claims and Disputed Claims, Documents and Unclaimed Property 9

A. Allowed and Disputed Claims 9

B. Payments to Holders of General Unsecured Claims 9

C. Documents 9

D. Unclaimed Property 9

ARTICLE VII. Executory Contracts and Unexpired Leases 10

ARTICLE VIII. Pending and Threatened Legal Procedures and Claims 10

A. Claims Against the Debtor 10

B. Pending and Anticipated Litigation Against Third Parties 10

ARTICLE IX. Corporate Action, Documents, and Transfers 10

A. Corporate Action 10

B. Effectuating Documents; Further Transactions 11

ARTICLE X. Confirmation Requirements and Procedures 11

ARTICLE XI. Injunctions 11

A. Injunctions Concerning the Debtor 11

B. Exculpations for Professionals of the Estate 12

ARTICLE XII Effect of Confirmation of the Plan 13

A. Discharge of Debtor 13

B. Vesting and Authority to Initiate Adversary Actions and to Maintain Pending Adversary Actions 14

C. Modification of the Plan 14

D. Non-Severability Clause 14

E. Release of Liens 14

F. Retention of Jurisdiction 15

G. The Effective Date 15

H. Final Decree 16

**The Plan provides for injunctions and an exculpation.**

**Any reference to an exhibit refers to exhibits in the accompanying Disclosure Statement.**

**The Effective Date shall be 30 days following entry of an order confirming the Plan unless the Debtor delays the Effective Date and provides notice.**

# ARTICLE I.

## Introduction

This is the chapter 11 plan of reorganization ("Plan") of Encompass Enterprises, LLC ("Encompass" or the "Debtor). You should read the Debtor's Disclosure Statement ("Disclosure Statement") and the projections (attached to the Disclosure Statement), which have been prepared in support of the Plan. If there is an inconsistency between the Disclosure Statement and the Plan shall control. If there is any inconsistency between the Plan and the projections, the projections shall control.

All terms used in the Plan shall have the meanings given in the Disclosure Statement and, if not defined there, then as is used in the Bankruptcy Code or the Fed'l Rules of Bankr. Proc. "Court" shall refer to the United States Bankruptcy Court for the District of Maryland, in which the Debtor's chapter 11 proceeding is pending.

# ARTICLE II.

## Treatment of Claims and Equity Interests

### A. The Purpose of the Plan of Reorganization.

The Plan places claims and equity interests in various classes and describes the treatment that each class will receive and identifies each class of claims or equity interests as impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount the Plan provides.

### B. Unclassified Claims.

| Name | Amount Owed | Treatment |
|---|---|---|
| Ordinary Course of Business Expenses Arising Post-Petition. Normal operating expenses. | Est. payables of $50,000. Figure varies considerably. | Paid in full on the Effective Date of the Plan, or according to terms of obligation if later than the Effective Date, or by separate written agreement. |
| Fox Law Corporation – gen'l bankruptcy counsel | $40,000 (estimated) | Payment of $8,000 monthly in months 1 to 5. |
| Rogan Law – local bankruptcy counsel | $20,000 (estimated) | Payment at $4,000 monthly in months 1 to 5 |
| Lucove & Say, CPAs - accountants for Debtor | $10,000 (estimated) | Payment at $2,000 paid monthly in months 1 to 5 |
| Office of the U. S. Trustee - quarterly fee. | $1,193 | Paid in full on the Effective Date if owed then. Post-confirmation, the Debtor will pay the quarterly fee until entry of a final decree. |
| Court Clerk's Fees | $500 (est.) | Paid in full on the Effective Date |

| | TOTAL | **$121,693** |
|---|---|---|

The Debtor's bankruptcy case will not close prior to payment of allowed administrative fees and expenses.

C. Priority Tax Claims.

Priority tax claims are unsecured income, employment, and other taxes described by §507(a)(8). The Disclosure Statement explains why the IRS' claims for unpaid payroll taxes, supported by Federal Tax Liens ("FTLs"), hold priority over all other recorded liens and effectively render all of them unsecured. The one exception to this would be the lien of Veridian Credit Union which holds a purchase money security interest in a vehicle. Other recorded liens, e.g. those of the Merchant Cash Advance companies ("MCAs"), do not attach to any property interest of the Debtor. Though the IRS' claims are largely priority claims, due to the FTLs, the IRS claims are treated as secured claims but subject to Section 1129(a)(9)(C).

The following chart lists the Debtor's estimated §507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description | Amount Owed | Treatment |
|---|---|---|
| Maryland Department of Labor<br><br>Unemployment taxes | $10,085.56<br><br>(No claim filed – scheduled amount.) | Claim of $10,085.56, amortized at 6% interest. Payments paid in months 6-49, paid in full within 60 months of the filing date with payments of $232.50/month. Total principal and interest paid under the plan is $11,545.46. |
| Internal Revenue Service<br><br>Payroll taxes | | Claim treated as secured. See below. |
| Office of the Comptroller<br><br>No proof of claim filed – payroll taxes | $ 118,856.22 | Claim of $118,856.22, amortized at 6% interest. Payments made in months 1-49 with payment in full within 60 months of the filing date, with payments of $2,809.64/ month. Total principal and interest paid plan is $137,672.36. |

**D. Secured Creditors.**

With respect to all secured claims:

1) Claims for post-petition default interest are waived. §§1123(a)(5)(G) and (b)(5) and 1124(2);

2) The payment amounts proposed to holders of Allowed Secured Claims include the estimated interest rate stated for each Class;

3) The payments proposed to the holders of these Claims shall be in full satisfaction of their Claims;

4) If a holder of an Allowed Secured Claim has a properly perfected lien (that the Debtor does not avoid), then such holder shall retain its lien(s) until the Debtor has satisfied its payment obligations under the Plan;

5) Upon payment of all monies required by the Plan to be paid on account of an Allowed Secured Claim, the holder of such Claim must promptly record a release of its security interest(s) in the Debtor's assets and that of any other person or entity that may be liable for the Allowed Secured Claim;

6) If payment on a secured claim has been accelerated, the acceleration is de-accelerated on entry of an order confirming the Plan.

7) Any contractual provision providing for allowance of attorneys fees and/or expense shall be nullified as of the Effective Date.

| Clas | DESCRIPTION | IMPAIRED | TREATMENT |
|---|---|---|---|
| 1 | I.R.S.<br><br>Payroll taxes 2023-2026. Proof of claim amount: 2nd Amended Proof of Claim asserts $338,648.03 as total debt. | Impaired.<br><br>Entitled to vote. | Claim of $355,659.14. Payments are amortized at 7.25% interest and begin in month 1 and are paid off after 48 mo. at payments of $8,558.02/mo. Total principal/interest paid l during the plan is $410,784.96. |
| 2 | Veridian Credit Union. Security – 2016 Ford F-350 Scheduled claim $1,872.46. No claim filed. | Impaired.<br><br>Entitled to vote. | Secured claim in the amount of $1,945.85 paid in the first month of the plan. |

## E. Classes of Priority Unsecured Claims

Certain priority claims referred to in Code §§ 507(a)(1), (4), (5), (6), and (7) must be placed in classes..

| | | | |
|---|---|---|---|
| 3 | Prepetition priority employee payroll claims not paid through the Debtor's payroll motion.. | Impaired.<br><br>Entitled to vote. | The Debtor owes payroll obligations to 7 employees totaling $39,189. The claims are amortized at 6% interest and are provided for in the Plan to be paid in monthly payments of $2,963.86 in months 3-18 of the plan. |

## F. Classes of General Unsecured Claims

| CLASS # | DESCRIPTION | IMPAIRED | TREATMENT |
|---|---|---|---|
| 3 | General unsecured claims:<br><br>Total scheduled amount: $1,505,334. (Sched. F)-Does not include unsecured MCA claims).<br><br>Total unsecured claims as reconciled:<br><br>$1,836,777 (Based on filed POC, scheduled amounts and reclassified portions of secured claims) | Impaired.<br><br>Entitled to vote. | Based upon unsecured claims of $1,428,997.42 plus additional claims of $438,780.73 which were filed as secured and reclassed to unsecured. The unsecured claims are paid at 10% over the 5-year plan. Monthly payments begin in month 7 and are reflected in the table below by month and by year.<br><br>•If any creditor in this class asserts a right to attorneys' fees and costs, it must, within 30 days following entry of the order confirming the Plan, either file a motion for allowance of fees and costs or must file a stipulation with the Debtor as to the amount of fees and costs. The failure to timely do so will result in the disallowance of any claim for attorneys' fees and costs through the Plan's Effective Date. In the circumstance where the Debtor and a creditor, post-confirmation, continue their business relationship which relies on a prepetition contract that has a provision for attorneys' fees and costs, such provision is annulled as of the Plan's Effective Date.<br><br>•For creditors whose payments in a given month would be less than $25.00, they shall be paid quarterly in the 3rd month of each quarter. |

G. Class of Insider General Unsecured Claims

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 4 | General insider unsecured claim: Dawn Benton. Scheduled at $52,847 & $30,000. No claim filed. | Yes. Entitled to vote. | In month 60, Ms. Benton will receive $1 on account of her insider claims. |

H. Class of Equity Interest Holders

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 5 | Equity Interest in the Debtor. | N/A | Mr. Benton shall act as the managing member. Mr. and Mrs. Benton shall acquire the entire equity interest in the Debtor (49% as to Mrs. Benton and 51% as to Mr. Benton) but only after they have contributed $25,000 in monies to the Debtor (payable in equal increments of $5,000 at months 6, 12, 18, 24 and 30. If unsecured creditors reject the Plan, the Bentons may propose to infuse additional new value monies or the Debtor may propose to auction the equity in the Debtor. |

## ARTICLE III

## Management and Disbursing Agent

### A. Post-Confirmation Management

Mr. Benton shall continue to manage the Debtor. His salary as of the Effective Date shall be the salary paid during the chapter 11 case and may increase periodically but not at the expense of paying creditors under the Plan. If Mr. Benton is not the holder of the Reorganized Debtor's equity, then the equity holder shall select management.

### B. Disbursing Agent

Mr. Benton shall be the disbursing agent and make all plan payments. He shall serve without bond and shall receive no compensation for this work. If he is not the

equity holder in the Reorganized Debtor, then the new equity holder shall select the Disbursing Agent.

## ARTICLE IV.

## Cash Necessary on Effective Date

The Debtor expects to have sufficient monies at the Effective Date to fund payments. If it does not, then the Debtor may delay the Effective Date and provide notice to all creditors of the delay.

## ARTICLE V.

## Tax Consequences of Plan

The Disclosure Statement describes potential tax consequences of the Plan on the Debtor. You may wish to consult your own tax advisor to determine if confirmation of the Plan will have tax consequences for you

## ARTICLE VI.

## Allowed Claims and Disputed Claims, Documents and Unclaimed Property

### A. Allowed and Disputed Claims

Allowed Claims are those defined in §§502 and 1111 of the Code consisting of those claims as to which no dispute arose, or to which disputes have been resolved either by the Bankruptcy Court or by agreement between Debtor and the claimant. THERE MAY BE CLAIMS WHICH THE DEBTOR MAY DISPUTE AND THE READER SHOULD BE ADVISED THAT THE AMOUNT OF EACH CREDITOR'S CLAIM OR THE ENTIRE CLAIM MAY BE DISPUTED AFTER CONFIRMATION OF THIS PLAN.

All objections to claims or interests will be filed no later than the deadline permitted under the Bankruptcy Code.

### B. Payments to Holders of General Unsecured Claims

If a claimant becomes an unsecured non-priority claimant (as a result of a disputed claim or other), then the holder of such claim will receive from the Disbursing Agent a Pro Rata payment of its unsecured claim which equals the Pro Rata payments previously made to holders of unsecured claims.

### C. Documents

On the Effective Date, or as soon as practicable thereafter, the Debtor will execute and deliver any documents that holders are entitled to receive.

### D. Unclaimed Property

Any distributions made by the Disbursing Agent which are returned for any reason will be deposited in an interest-bearing escrow account held by the Disbursing Agent. At any time during the plan term, upon the presentation by a holder of an Allowed Claim

(of identification which satisfies the Disbursing Agent, in his sole and absolute discretion, that funds are held for such presenter's benefit), the Disbursing Agent shall release such funds to such presenter. Ownership of any such returned funds which are not claimed within six months shall vest in the Reorganized Debtor.

## ARTICLE VII.

## Executory Contracts and Unexpired Leases

The Debtor is assuming no contracts or leases. The Debtor is rejecting the following construction contacts:

- Diane & Stephen Sung, 600 Lake Drive, Lusby MD 20657, Home Improvement Contract dated July 29, 2025, for $223,500.
- Gary and Amy Ressing, 12190 Preston Dr., Lusby, MD 20657, Home Improvement Contract dated December 14, 2023, for $160,651.30.
- Clarice Waage, 12750 Tonkawa Trail, Lusby, 20657, Home Improvement Contract dated 7/13/2023

All executory contracts and unexpired leases not already expressly assumed or rejected by the Debtor before the Confirmation Hearing shall be rejected by the Debtor on the Effective Date.

The Court shall retain jurisdiction to approve Debtor's rejection of unexpired leases or executory contracts. Any claim for damages or other claims by parties to such rejected contracts or leases shall be included in the unsecured non-priority class and the bar date for filing a proof of claim with respect to such rejection damages shall be thirty (30) days after the entry of the Confirmation Order.

## ARTICLE VIII.

## Pending and Threatened Legal Procedures and Claims

### A. Claims Against the Debtor

See the Disclosure Statement.

### B. Pending and Anticipated Litigation Against Third Parties

See the Disclosure Statement.

The Reorganized Debtor will be authorized to initiate and prosecute any of Debtor's claims against third parties not released under this Plan including any avoidance claims. The Bankruptcy Court shall retain jurisdiction over these actions to the fullest extent permitted under the Bankruptcy Code and case law.

## IX.

## Corporate Action, Documents and Transfers

### A. Corporate Action.

On the Effective Date, all actions contemplated by the Plan shall be deemed authorized and to the extent taken prior to the Effective Date, ratified without requiring further action by Holders of Claims or Interests, managers of the Debtor, the Reorganized Debtor, or any other Entity, including: (1) assuming or rejecting executory contracts and leases; (2) selection of the managing member for the Reorganized Debtor; and (3) all other acts or actions contemplated or reasonably necessary or appropriate to promptly consummate the transactions contemplated by the Plan (whether to occur before, on, or after the Effective Date). All matters provided for in the Plan involving the company structure of the Reorganized Debtor and any company action required in connection therewith shall be deemed to have occurred on and shall be in effect as of the Effective Date without any requirement of further action by anyone on behalf of the Debtor or Reorganized Debtor.

On or prior to the Effective Date, the Debtor's managing member shall be authorized and directed to issue, execute, and deliver those documents contemplated by the Plan (or necessary or desirable to effect the transactions contemplated by the Plan) in the name of and on behalf of the Debtor or the Reorganized Debtor, as applicable,

The authorizations and approvals contemplated by the Plan shall be effective notwithstanding any requirements under non-bankruptcy law.

**B. Effectuating Documents; Further Transactions.**

Prior to, on, and after the Effective Date, the Debtor and Reorganized Debtor and their manager are authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and provisions of the Plan, without the need for any approvals, authorizations, actions, or consents except for those expressly required under the Plan. All counter parties to any documents described in this paragraph are authorized to and may execute any such documents as may be required or provided b such documents without further order of the Court.

## ARTICLE X.

## Confirmation Requirements and Procedures

The Disclosure Statements describes these requirements and procedures.

## *ARTICLE XI.*

## *Injunctions*

A. **Injunctions Concerning the Debtor**

*Except as provided in the Confirmation Order, as of the Confirmation Date, any entity that has held, currently holds, or may hold a claim or Interests against Debtor is permanently enjoined from taking any of the following actions directly or indirectly*

*against the Debtor, the Reorganized Debtor and its property on account of any such Claims, debts, liabilities, or Interests or rights:*

*(i) commencing or continuing, in any manner or in any place, any action or other proceeding that may impact the Order confirming the Plan or the reorganization;*

*(ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order that is in effect a judgment, award, decree or order against the Debtor or Reorganized Debtor;*

*(iii) creating, perfecting, or enforcing any lien or encumbrance against the Debtor, the Reorganized Debtor and/or their assets;*

*(iv) asserting a setoff, right of subrogation, or right of recoupment of any kind against any debt, liability, or obligation due to Debtor or Reorganized Debtor, accrued before the Effective Date of the Plan; and*

*(v) commencing or continuing any action in any manner, in any place that does not comply, or is inconsistent, with the provisions of this Plan or the Confirmation Order.*

B. Exculpations for Professionals of the Estate.

*The Debtor's professionals identified below in this section were retained in this case with the Court's approval. The Debtor's professionals (identified below) are exculpated from any cause of action for any claim that is related to this case, any act or omission in connection with, related to, or arising out of this case, any other act taken or omitted to be taken in connection with or in contemplation of this case, any act taken in connection with the administration of the case, and any act taken or omission regarding property to be distributed under the Plan. This provision shall only exculpate causes of action that take place between the Petition Date and the Effective Date and shall not shield any professional from claims of fraud.*

*Identified Professionals:*

- *The Fox Law Corporation, Inc.;*
- *RoganMillerZimmerman, PLLC; and*
- *Lucove & Say, Accountants.*

C. Temporary Post-Confirmation Injunction Protecting Injunction Beneficiaries.

*During the Plan term, the Confirmation Order shall temporarily restrain any creditor, party-in-interest or any third party from pursuing Mr. Eugene Benton and his spouse Dawn Benton (the "injunction beneficiaries") for collection of all or any portion of*

*their Claims or any claim that could have or should have been brought against the Debtor. The temporary injunction shall restrain claims against the injunction beneficiaries and their properties and assets but only for as long as Mr. Benton continues to manage the Debtor and its business.*

*Claims included within the injunction are those that arose prepetition or that arise through the Effective Date. The injunction shall terminate upon the conclusion of Plan payments to general unsecured creditors or at such other time as the Court may direct.*

*The injunction shall apply to any lawsuit that has been brought or which may be brought against the injunction beneficiaries as well as any collection or enforcement activities. The injunction shall stay actions that those entities in the following list have brought or which may bring on account of guaranties by Mr. or Mrs. Benton.*

*Upon Confirmation of the Plan, all creditors and all third parties shall be temporarily enjoined, pursuant to 11 U.S.C. § 105, from proceeding against the injunction beneficiaries and their assets for the collection of all or any portion of their Claims. This temporary injunction will remain in effect during the Plan term.*

*Should the Debtor be in violation of the Plan's payment terms and if that violation remains uncured for a period of 30 days after receipt by the Debtor of written notice from any party directly affected by such violation, the affected party may apply to this Court to dissolve the temporary injunction only as to the moving party. As the issuing court, the Bankruptcy Court shall have exclusive jurisdiction to extinguish or modify the temporary injunction. The Debtor retains the right to file a motion to continue or to reinstate the temporary injunction.*

*The injunction is not a discharge or release. To the extent he may have any liability, Mr. and Mrs. Benton shall not be discharged or released from any liability for any claim and debt.*

*The Confirmation Order shall constitute findings the Court possesses the jurisdiction to issue the injunction, the injunction is consistent with §§105, 524(e), 1123(a)(5), 1129 and 1141 and other Code provisions and that issuing the injunction is in the best interests of the Debtor and the estate.*

## ARTICLE XII.

## EFFECT OF CONFIRMATION OF THE PLAN

### A. Discharge of Debtor.

On the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to

the extent specified in §1141. The discharge will not discharge any liability imposed by the Plan.

**B. Vesting; Authority to Initiate and Maintain Adversary Actions.**

Confirmation of the Plan vests all of the property of the estate in the Reorganized Debtor. As of the Effective Date, the Reorganized Debtor shall stand in the shoes of the Debtor or Debtor's Estate as the party in interest in any litigation in which the Debtor or the Estate may be a party as of the Effective Date. The Reorganized Debtor shall have the sole authority to enforce, prosecute, defend, settle, or otherwise administer such litigation, lawsuits, contested matters, or adversary proceedings and any and all Causes of Action and Avoidance Actions.

All claims (as defined by the Bankruptcy Code), causes of action, suits, damages, and rights to payment or recovery of the Debtor or the estate of any kind or nature whatsoever are preserved and vested in the Reorganized Debtor.

The Court shall retain jurisdiction to the fullest extent permitted under the Bankruptcy Code and case law.

The failure to list any potential avoidance actions or other causes of action, generally or specifically, is not intended to limit the rights of the Reorganized Debtor to pursue such avoidance actions or other causes of action.

Unless an action is expressly waived, the Plan expressly reserves any avoidance actions or other causes of action for later adjudication. No preclusion doctrine shall apply. All avoidance actions are preserved under the Plan for the benefit of the estate.

The Reorganized Debtor shall be authorized to bring objections to Proofs of Claim. Resolution of such objections shall be subject to the Court's approval.

**C. Modifying the Plan.**

Encompass may modify the Plan at any time before it is confirmed. The Debtor may seek to modify the Plan after the Court confirms the Plan but before substantial consummation has occurred. 11 U.S.C. §1127.

**D. Non-Severability Clause**

The Order on confirmation shall constitute a judicial determination that each term and provision of the Plan is (1) valid and enforceable pursuant to its terms, (2) integral to the Plan and may not be deleted without the Debtor's consent, and (3) non-severable and mutually dependent.

**E. Release of Liens.**

Upon full satisfaction of secured claims as provided for by the Plan, claimants possessing liens shall promptly file releases of their liens as to the Debtor regardless of whether these claimants may have been owed money by third parties. The failure to promptly release such liens shall constitute a violation of the Plan subjecting the offending claimant to damages.

As to recorded liens other than the FTL's, they do not attach to property in which the estate holds an interest. The confirmation order shall provide the following liens are entirely avoided and the filers of the liens must promptly record termination of their liens:

- Fox Funding
- Unique Funding Solutions
- Parkview Advance
- Specialty Capital, LLC
- Peninsula Funding Group

**F. Retention of Jurisdiction.**

The Court shall retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and the Plan, including, but not limited to, jurisdiction to determine claims, to determine compensation of professionals, to determine issues related to assumption or rejection of executory contracts and leases, to oversee the performance of the Plan, to adjudicate matters under 11 U.S.C. §1141, to issue injunctions and to enter and implement orders as may be necessary to restrain interference by any Person with consummation or enforcement of the Plan; to resolve any cases, controversies, suits, disputes or Causes of Action with respect to the Plan, to enter orders as are necessary if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated, to consider any modifications of the Plan, the Debtor's discharge, to determine any other matter not inconsistent with the Bankruptcy Code and to enter a final decree.

**G. Conditions Precedent to Effective Date**

The Debtor may elect to delay the Effective Date of the Plan if necessary to have sufficient funds on hand to pay claims and expenses required to be paid on the Effective Date. If the Debtor delays the Effective Date, then the Debtor shall serve a notice of the delayed Effective Date on creditors.

The Effective Date shall be 30 days after the entry of an order confirming the Plan.

The Debtor may move up the Effective Date in its discretion. If the Debtor does so, it will provide notice of such to the creditor body.

**H. Final Decree.**

Once the estate has been fully administered, as provided in Rule 3022 of the F.R.B.P. and all professional administrative claims have been paid in full, the Debtor shall request a final decree to close the case.

Dated: October 5, 2026

Encompass Enterprises, LLC

By /s/ Eugene Benton

Eugene Benton, Managing Member

Counsel for the Debtor:

THE FOX LAW CORPORATION, INC.
By /s/ Steven R. Fox
Steven R. Fox, CA SBN 138808
15455 San Fernando Mission Blvd, Suite 400
Mission Hills, CA 91345
(PH: (818) 774-3545
srfox@foxlaw.com
*General Bankruptcy Counsel*

ROGANMILLERZIMMERMAN, PLLC
By /s/ Christopher L. Rogan
Christopher L. Rogan, Esq. (MD 08365)
50 Catoctin Circle, NE, Ste 300
Leesburg, VA 20176
PH: (703) 777-8850
FAX: (703) 777-8850
crogan@rmzlawfirm.com
*Local Counsel to Debtor*